**FILED**

NF

OCT 09 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **12 CR 791** |
| | ) | |
| vs. | ) | Violations: Title 18, United |
| | ) | States Code, Sections 1343, 1014, |
| ATUL BISARIA and | ) | and 2 |
| STEVE LEWIS | ) | |

JUDGE CONLON

MAGISTRATE JUDGE FINNEGAN

## COUNT ONE

The SPECIAL AUGUST 2012 GRAND JURY charges:

1.     At times material to the indictment:

    a.     Shubh Hotels Springdale, L.L.C., Shubh Hotels Springdale Management, L.L.C., and Shubh Hotels Springdale Investments, L.L.C. were corporations that held an ownership interest in and participated in the management of a hotel doing business under the name Ramada Plaza Hotel in Cincinnati, Ohio (hereinafter referred to as the "Cincinnati Ramada").

    b.     Shubh Hotels Boca, L.L.C. was a corporation that owned and operated a hotel doing business under the name Doubletree Guest Suites in Boca Raton, Florida (hereinafter referred to as the "Boca Raton Doubletree").

    c.     Defendant ATUL BISARIA was the president and chief executive officer of, among other corporations, Shubh Hotels Springdale, L.L.C., Shubh Hotels Springdale Management, L.L.C., Shubh Hotels Springdale Investments, L.L.C., and Shubh Hotels Boca, L.L.C.

    d.     Contract Purchasing and Design, Inc. (hereinafter referred to as "CPD") was a corporation with offices in Boca Raton, Florida that engaged in the business of interior design and decorating.

    e.     Defendant STEVE LEWIS was the owner and president of CPD.

f.      Mutual Bank was a financial institution with offices in Harvey, Illinois and elsewhere. The deposits of Mutual Bank were insured by the Federal Insurance Deposit Corporation.

g.      Broadway Bank was a financial institution with offices in Chicago, Illinois and elsewhere.  The deposits of Broadway Bank were insured by the Federal Insurance Deposit Corporation.

h.      On or about April 19, 2007, Broadway Bank provided a $16,000,000 loan secured in part by the Cincinnati Ramada to Shubh Hotels Springdale, L.L.C., Shubh Hotels Springdale Management, L.L.C., Shubh Hotels Springdale Investments, L.L.C., and defendant ATUL BISARIA for the purpose of refinancing existing loans and funding renovations to the Cincinnati Ramada (hereinafter "the Broadway Bank Loan").  As part of the Broadway Bank Loan, Broadway Bank agreed to provide $10,000,000 in funds for renovations and improvements at the Cincinnati Ramada.   Any such funds advanced were to be paid directly to subcontractors, contractors, and others furnishing labor, materials, and services related to renovations and improvements at the Cincinnati Ramada.

i.      On or about February 8, 2008, Mutual Bank provided a $28,800,000 mortgage loan secured in part by Boca Raton Doubletree to Shubh Hotels Boca, L.L.C. for the purpose of refinancing existing loans and funding renovations to the Boca Raton Doubletree (hereinafter referred to as "the Mutual Bank Loan").  As part of the Mutual Bank Loan, Mutual Bank agreed to provide $9,000,000 in funds for renovations at the Boca Doubletree.  Any funds advanced under this line of credit were to be used for the purpose of renovating and improving the Boca Raton Doubletree.

2.      Beginning no later than in or about April 2007, and continuing until in or about

March 2008, in the Northern District of Illinois, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, knowingly devised and participated in a scheme to defraud and to obtain money
and property by means of materially false and fraudulent pretenses, representations, promises, and
material omissions, which scheme affected a financial institution and is further described below.

3.    It was part of the scheme that defendants ATUL BISARIA and STEVE LEWIS
fraudulently obtained money from Broadway Bank and Mutual Bank by falsely representing that the
money was to be used to pay for renovations at the Cincinnati Ramada and the Boca Raton
Doubletree when, in fact, defendants intended to use and used the money for other purposes,
including the funding of unrelated real estate projects.

4.    It was further part of the scheme that, in order to obtain the funds that had been
designated for renovations to be performed at the Cincinnati Ramada and Boca Raton Doubletree,
defendants ATUL BISARIA and STEVE LEWIS made and caused to be made fraudulent
representations regarding materials needed for and work that was to be performed at the Cincinnati
Ramada and the Boca Raton Doubletree.

5.    It was further part of the scheme that defendants ATUL BISARIA and STEVE
LEWIS created and caused the creation of invoices and sales orders from CPD falsely representing
that payment was due and owing to CPD for materials needed for and work that was to be performed
at the Cincinnati Ramada and Boca Raton Doubletree when, in fact, such amounts were not due and
owing to CPD.

6.    It was further part of the scheme that defendants ATUL BISARIA and STEVE

LEWIS submitted and caused the submission of the false invoices and sales orders to representatives of Broadway Bank and Mutual Bank in connection with requests to draw on the constructions funds available as part of the Broadway Bank Loan and the Mutual Bank Loan.

<u>First Draw (Broadway Bank Loan)</u>

7.      It was further part of the scheme that defendants ATUL BISARIA and STEVE LEWIS created and caused the creation of an invoice from CPD falsely reflecting that a deposit of $6,000,000 was due and owing for merchandise in connection with the property improvement plan being implemented at the Cincinnati Ramada.

8.      It was further part of the scheme that, on or about April 20, 2007, defendants ATUL BISARIA and STEVE LEWIS submitted and caused the submission of the false invoice from CPD to Broadway Bank as part of a request to draw on the construction funds available as part of the Broadway Bank Loan.

9.      It was further part of the scheme that, on or about April 20, 2007, as a result of the false invoice from CPD submitted to Broadway Bank, defendants ATUL BISARIA and STEVE LEWIS caused Broadway Bank to disburse approximately $5,250,000 to an account held in the name of CPD at Wachovia Bank.

10.     It was further part of the scheme that, on or about April 23, 2007, following the transfer of $5,250,000 in funds from Broadway Bank to the Wachovia Bank account of CPD, defendants ATUL BISARIA and STEVE LEWIS caused approximately $4,250,000 of those disbursed funds to be transferred from the Wachovia Bank account of CPD to an account at Bank Atlantic Bank held in the name of Shubh Hotels, L.L.C. and controlled by defendant BISARIA.

11.     It was further part of the scheme that defendant ATUL BISARIA caused the funds

transferred to the Bank Atlantic account held in the name of Shubh Hotels, L.L.C. to be used for purposes other than renovations or improvement at the Cincinnati Ramada.

### Second Draw (Broadway Bank Loan)

12.    It was further part of the scheme that defendants ATUL BISARIA and STEVE LEWIS created and caused the creation of an invoice from CPD falsely reflecting that a deposit of $750,000 was due and owing for air conditioning work to be performed at the Cincinnati Ramada.

13.    It was further part of the scheme that, on or about May 29, 2007, defendants ATUL BISARIA and STEVE LEWIS submitted and caused the submission of the false invoice from CPD to Broadway Bank as part of a request to draw on the construction funds available as part of the Broadway Bank Loan.

14.    It was further part of the scheme that, on or about May 29, 2007, as a result of the false invoice from CPD submitted to Broadway Bank, defendant ATUL BISARIA and STEVE LEWIS caused Broadway Bank to disburse approximately $750,000 to an account held in the name of CPD at Wachovia Bank.

15.    It was further part of the scheme that, on or about May 31, 2007, following the transfer of $750,000 in funds from Broadway Bank to the Wachovia Bank account of CPD, defendants ATUL BISARIA and STEVE LEWIS caused approximately $548,000 of those disbursed funds to be transferred from the Wachovia Bank account of CPD to an account at Bank Atlantic Bank held in the name of Shubh Hotels, L.L.C. and controlled by defendant BISARIA.

16.    It was further part of the scheme that, on or about June 1, 2007, defendants ATUL BISARIA and STEVE LEWIS caused approximately $202,000 to be transferred from the Wachovia Bank account of CPD to an account at Bank Atlantic Bank held in the name of Shubh Hotels, L.L.C.

and controlled by defendant BISARIA.

17.     It was further part of the scheme that defendant ATUL BISARIA caused the funds transferred to the Bank Atlantic account held in the name of Shubh Hotels, L.L.C. to be used for purposes other than renovations or improvement at the Cincinnati Ramada.

### Third Draw (Broadway Bank Loan)

18.     It was further part of the scheme that defendants ATUL BISARIA and STEVE LEWIS created and caused the creation of an invoice from CPD falsely reflecting that $1,250,000 was due and owing for carpet, case goods, and upholstered furniture that had been obtained in connection with the property improvement plan being implemented at the Cincinnati Ramada.

19.     It was further part of the scheme that, on or about December 21, 2007, defendants ATUL BISARIA and STEVE LEWIS submitted and caused the submission of the false invoice from CPD to Broadway Bank as part of a request to draw on the construction funds available as part of the loan made to the Cincinnati Ramada.

20.     It was further part of the scheme that, on or about December 21, 2007, as a result of the false invoice from CPD submitted to Broadway Bank, defendants ATUL BISARIA and STEVE LEWIS caused Broadway Bank to disburse approximately $1,250,000 to an account held in the name of CPD at Wachovia Bank as payment for items purportedly obtained in connection with renovations at the Cincinnati Ramada.

21.     It was further part of the scheme that, on or about December 21, 2007, following the transfer of $1,250,000 in funds from Broadway Bank to the Wachovia Bank account of CPD, defendants ATUL BISARIA and STEVE LEWIS caused approximately $1,250,000 of those disbursed funds to be transferred from the Wachovia Bank account of CPD to an account at Bank

Atlantic Bank held in the name of Shubh Hotels, L.L.C. and controlled by defendant BISARIA.

22.    It was further part of the scheme that defendant ATUL BISARIA caused the funds transferred to the Bank Atlantic account held in the name of Shubh Hotels, L.L.C. to be used for purposes other than renovations or improvement at the Cincinnati Ramada.

### Fourth Draw (Broadway Bank Loan)

23.    It was further part of the scheme that defendants ATUL BISARIA and STEVE LEWIS created and caused the creation of an invoice from CPD falsely reflecting that $500,000 was due and owing for 280 high rise fan coil units and chiller plants in connection with the property improvement plan being implemented at the Cincinnati Ramada.

24.    It was further part of the scheme that, on or about January 22, 2008, defendants ATUL BISARIA and STEVE LEWIS submitted and caused the submission of the false invoice from CPD to Broadway Bank as part of a request to draw on the construction funds available as part of the loan made to the Cincinnati Ramada.

25.    It was further part of the scheme that, on or about January 22, 2008, as a result of the false invoice from CPD submitted to Broadway Bank, defendants ATUL BISARIA and STEVE LEWIS caused Broadway Bank to disburse approximately $500,000 to an account held in the name of CPD at Wachovia Bank.

26.    It was further part of the scheme that, on or about January 23, 2008, following the transfer of $500,000 in funds from Broadway Bank to the Wachovia Bank account of CPD, defendants ATUL BISARIA and STEVE LEWIS caused approximately $500,000 of those disbursed funds to be transferred from the Wachovia Bank account of CPD to an account at Bank Atlantic Bank held in the name of Shubh Hotels, L.L.C. and controlled by defendant BISARIA

27.     It was further part of the scheme that defendant ATUL BISARIA caused the funds transferred to the Bank Atlantic account held in the name of Shubh Hotels, L.L.C. to be used for purposes other than renovations or improvement at the Cincinnati Ramada.

### Fifth Draw (Mutual Bank Loan)

28.     It was further part of the scheme that defendants ATUL BISARIA and STEVE LEWIS created and caused the creation of a sales order and invoice from CPD that falsely reflected $1,995,000 worth of structural steel had been purchased in connection with the purported renovations being performed at the Boca Raton Doubletree.

29.     It was further part of the scheme that, on or about March 13, 2008, defendants ATUL BISARIA and STEVE LEWIS submitted and caused the submission of the false sales order and false invoice from CPD to Mutual Bank as part of a request to draw on the constructions funds available as part of the loan made to the Boca Raton Doubletree.

30.     It was part of the scheme that, on or about March 12, 2008, defendant STEVE LEWIS, signed a document entitled "Owner's/General Contractor's Sworn Statement" in which he falsely represented that $1,995,000 in steel had been furnished to CPD in connection with construction being performed at the Boca Raton Doubletree, when, as defendant LEWIS was well aware, no steel had been delivered.

31.     It was further part of the scheme that, on or about March 13, 2008, defendants ATUL BISARIA and STEVE LEWIS caused the "Owner's/General Contractor's Sworn Statement" to be submitted to Mutual Bank.

32.     It was further part of the scheme that, on or about March 13, 2008, as a result of the false sales order and invoice from CPD and the fraudulent sworn statement submitted to Mutual

Bank, defendants ATUL BISARIA and STEVE LEWIS caused Mutual Bank to disburse approximately $1,525,887 to an account held by an escrow agent at Colonial Bank, which escrow agent subsequently disbursed the approximately $1,525,887 obtained from Mutual Bank and additional funds to an account held in the name of CPD at Wachovia Bank.

33.     It was further part of the scheme that, following the transfer of funds from the escrow agent to the Wachovia Bank account of CPD, defendants ATUL BISARIA and STEVE LEWIS caused approximately $1,095,000 of those disbursed funds to be transferred to an account at Bank Atlantic Bank held in the name of Shubh Hotels, L.L.C. and controlled by defendant BISARIA.

34.     It was further part of the scheme that defendant ATUL BISARIA caused the funds transferred to the Bank Atlantic account held in the name of Shubh Hotels, L.L.C. to be used for purposes other than renovations or improvement at the Boca Raton Doubletree.

35.     It was further part of the scheme that, from in or about April 2007 to in or about March 2008, in the manner set forth above, defendants ATUL BISARIA and STEVE LEWIS fraudulently caused Broadway Bank and Mutual Bank to disburse loan proceeds totaling approximately $9,275,887 to CPD for renovations and improvements at the Cincinnati Ramada and Boca Raton Doubletree and, following such disbursements by Broadway Bank and Mutual Bank, caused approximately $7,845,000 to be directed to accounts controlled by defendant ATUL BISARIA.

36.     It was further a part of the scheme that defendants concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

37.     On or about April 20, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, namely, a funds transfer in the amount of approximately $5,250,000, from Broadway Bank, a financial institution, through the Federal Reserve system to the account of CPD at Wachovia Bank, which funds represented proceeds of the Broadway Bank Loan intended for use in connection with the construction and renovations at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT TWO</u>

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 36 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about May 29, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and,
STEVE LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, namely, a funds transfer in the amount of approximately $750,000, from Broadway Bank, a financial institution, through the Federal Reserve system to the account of CPD at Wachovia Bank, which funds represented proceeds of the Broadway Bank Loan intended for use in connection with the construction and renovations at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 36 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about December 21, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, namely, a funds transfer in the amount of approximately $1,250,000, from Broadway Bank, a financial institution, through the Federal Reserve system to the account of CPD at Wachovia Bank, which funds represented proceeds of the Broadway Bank Loan intended for use in connection with the construction and renovations at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 36 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about January 22, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, namely, a funds transfer in the amount of approximately $500,000, from Broadway Bank, a financial institution, through the Federal Reserve system to the account of CPD at Wachovia Bank, which funds represented proceeds of the Broadway Bank Loan intended for use in connection with the construction and renovations at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 36 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about March 13, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, namely, a funds transfer in the amount of approximately $1,525,887, from Mutual Bank, a financial institution, through the Federal Reserve system to the account of an escrow agent at Colonial Bank, which funds represented proceeds of the Mutual Bank Loan intended for use in connection with the construction and renovations at the Boca Raton Doubletree;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    The allegations of paragraph 1 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.    On or about April 20, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, knowingly made a false statement for the purpose of influencing the action of Broadway Bank to disburse approximately $5,250,000 in funds as part of a request to draw on the construction funds available as part of the Broadway Bank Loan in that defendants submitted and caused to be submitted to Broadway Bank an invoice that falsely reflected that a deposit of $6,000,000 was due and owing for merchandise in connection with the property improvement plan being implemented at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraph 1 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about May 29, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, knowingly made a false statement for the purpose of influencing the action of Broadway Bank to disburse approximately $750,000 in funds as part of a request to draw on the construction funds available as part of the Broadway Bank Loan in that defendants submitted and caused to be submitted to Broadway Bank an invoice that falsely reflected that a deposit of $750,000 was due and owing for air conditioning work to be performed at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT EIGHT

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraph 1 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about December 21, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, knowingly made a false statement for the purpose of influencing the action of Broadway Bank to disburse approximately $1,250,000 in funds as part of a request to draw on the construction funds available as part of the Broadway Bank Loan in that defendants submitted and caused to be submitted to Broadway Bank an invoice that falsely reflected that $1,250,000 was due and owing for carpet, case goods, and upholstered furniture that had been obtained in connection with the property improvement plan being implemented at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1014 and 2.

<u>COUNT NINE</u>

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraph 1 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about January 23, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, knowingly made a false statement for the purpose of influencing the action of Broadway Bank to disburse approximately $500,000 in funds as part of a request to draw on the construction funds available as part of the Broadway Bank Loan in that defendants submitted and caused to be submitted to Broadway Bank an invoice that falsely reflected that was $500,000 due and owing for 280 high rise fan coil units and chiller plants in connection with the property improvement plan being implemented at the Cincinnati Ramada;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT TEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      The allegations of paragraph 1 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about January 23, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, knowingly made a false statement for the purpose of influencing the action of Mutual Bank to disburse approximately $1,525,887 in funds as part of a request to draw on the construction funds available as part of the Mutual Bank Loan in that defendants submitted and caused to be submitted to Mutual Bank an invoice that falsely reflected $1,995,000 worth of structural steal had been purchased in connection with the purported renovations being performed at the Boca Raton Doubletree;

In violation of Title 18, United States Code, Sections 1014 and 2.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2012 GRAND JURY alleges:

1.      The allegations of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.      As a result of his violations of Title 18, United States Code, Sections 1343 and 1014, as alleged in the indictment,

ATUL BISARIA and
STEVE LEWIS,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all right, title, and interest he may have in any property constituting, and derived from, gross proceeds he obtained directly and indirectly as the result of such violation.

3.      The interests and property of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), include the sum of approximately $9,275,887.

4.      If any of the forfeitable property described above, as a result of any act or omission by the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(2)(A),

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY