UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 791-2 |
| vs. | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| STEVE LEWIS | ) | |

## **STIPULATIONS**

It is hereby STIPULATED and AGREED by and between the UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, and defendant STEVE LEWIS, individually and through his attorneys, as follows:

1. Broadway Bank and Mutual Bank were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation at all times during 2007 through 2008.

2. As charged in Count One of the indictment, on or about April 20, 2007, the Federal Reserve Bank processed an interstate electronic wire transfer of funds in the amount of approximately $5,250,000, from Broadway Bank in Illinois to the account of Contract Purchasing and Design at Wachovia Bank in Florida.

3. As charged in Count Two of the indictment, on or about May 29, 2007, the Federal Reserve Bank processed an interstate electronic wire transfer of funds in the amount of approximately $750,000, from Broadway Bank in Illinois to the account of Contract Purchasing and Design at Wachovia Bank in Florida.

4. As charged in Count Three of the indictment, on or about December 21, 2007, the Federal Reserve Bank processed an interstate electronic wire transfer of funds in the amount of

approximately $1,250,000, from Broadway Bank in Illinois to the account of Contract Purchasing and Design at Wachovia Bank in Florida.

5. As charged in Count Four of the indictment, on or about January 22, 2008, the Federal Reserve Bank processed an interstate electronic wire transfer of funds in the amount of approximately $500,000, from Broadway Bank in Illinois to the account of Contract Purchasing and Design at Wachovia Bank in Florida.

6. As charged in Count Five of the indictment, on or about March 13, 2008, the Federal Reserve Bank processed an interstate electronic wire transfer of funds in the amount of approximately $1,525,887, from Mutual Bank in Illinois to the account of an escrow agent, Kubicki Draper, at Colonial Bank in Alabama.

7. Government Exhibits BA-1 through BA-17 are account records obtained from Bank Atlantic and constitute business records within the meaning of Federal Rule of Evidence 803(6).

8. Government Exhibits BB-1 through BB-26 and BB-51 through BB-52 are records from Broadway Bank and constitute business records within the meaning of Federal Rule of Evidence 803(6).

9. Government Exhibit BOA-1 is a set of account records obtained from Bank of America and constitutes a business record within the meaning of Federal Rule of Evidence 803(6).

10. Government Exhibits CPD-1 through CPD-33 are records obtained from Contract Purchasing and Design and constitute business records within the meaning of Federal Rule of Evidence 803(6).

11. Government Exhibits KD-1 through KD-6 are records obtained from Kubicki Draper, which acted as an escrow agent in connection with the Mutual Bank loan, and constitute business records within the meaning of Federal Rule of Evidence 803(6).

12. Government Exhibits MB-1 through MB-20 are records obtained from Mutual Bank and constitute business records within the meaning of Federal Rule of Evidence 803(6).

13. Government Exhibit PB-1 is a set of account records from Paradise Bank and constitutes a business record within the meaning of Federal Rule of Evidence 803(6).

14. Government Exhibits PNC-1 through PNC-4 are records obtained from PNC Bank and constitute business records within the meaning of Federal Rule of Evidence 803(6).

SO STIPULATED:

| DEFENDANT STEVE LEWIS | | ZACHARY T. FARDON<br>United States Attorney |
|---|---|---|
| /s/ Leonard Ambrose, III<br>Leonard Ambrose, III<br>Ronald A. DiNicola | By: | /s/ Rick D. Young<br>Rick D. Young<br>Andrew S. Boutros<br>Assistant United States Attorneys |