UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 791-2 |
| vs. | ) | |
| | ) | Judge John Z. Lee |
| STEVE LEWIS | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE**

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits this reply in support of its motion *in limine* for an order barring the introduction of evidence, cross-examination, or argument regarding the victim financial institutions' alleged misconduct, negligence, or lack of reasonable reliance.

There is no dispute -- indeed, the government acknowledged in the first instance in its motion *in limine* -- that defendant may testify or otherwise present evidence regarding things allegedly told to him by codefendant Bisaria about the loans or the banks issuing the loans at the time defendant participated in the charged transactions. *See United States v. Phillips*, 731 F.3d 649, 653 (7th Cir. 2013)(en banc). Although such statements cannot be offered for the truth of the matter asserted, they would nevertheless be admissible and relevant to determining whether defendant possessed the requisite intent under 18 U.S.C. §§ 1014 and 1343.

Defendant, however, seeks to admit much more than what he was allegedly told or otherwise purportedly knew about the banks at the time he participated in these charged transactions as part of the alleged scheme. In particular, defendant seeks to admit evidence related to purportedly aggressive lending practices and various other alleged bad acts by bank employees in connection with other transactions. Such evidence should not be admitted. It is

not relevant to defendant's intent and serves no purpose other than confusing and misleading the jury into believing that the intent and actions of the banks, as opposed to defendant, are at issue in this case. Defendant's attempts to create a red herring -- or even worse, to invite a basis for nullification -- should not be allowed.

Contrary to defendant's contentions, the Seventh Circuit's decision in *Phillips* does not open the door to evidence of lending practices, alleged bad acts, or any other information that was unknown to defendant at the time of the charged transactions. Indeed, the *Phillips* decision dealt solely with the admissibility of information that had been *told* to that defendant and *how*, even though materiality was not an element of a § 1014 violation, such information *could* nevertheless be relevant to whether the defendant intended to influence a bank's decision. Here, on the other hand, defendant seeks to go well beyond information that was told to him or of which he was otherwise aware. In fact, defendant explicitly acknowledges in his response that he had no contact with any bank employees and, with respect to the loans and banks, only knew what had been allegedly told to him by codefendant Bisaria. Defendant should not be permitted to introduce anything beyond what was allegedly told to him by codefendant Bisaria as such evidence is not relevant to his intent.

In *United States v. Litos*, 2014 WL 2216096 (N.D. Ind. May 28, 2014), Chief Judge Simon of the United States District Court in the Northern District of Indiana recently addressed a similar situation. There, the indictment charged that the defendants had engaged in a scheme to defraud Bank of America in connection with various mortgage loans by among other things, providing false information on applications, providing down payments to buyers, moving money into buyers' accounts, and paying kickbacks to buyers. *Id.* at *1. Similar to this case, the defendants in *Litos* sought to obtain discovery regarding the victim bank's lending practices

because, according to the defendants, such evidence may show that the bank failed to consider, and never intended to consider, the allegedly false information submitted by the defendants. *Id.* at *2. In other words, the defendants sought this information in order to establish that the victim bank had not actually relied on the false statements. *Id.* In denying the motion for discovery, Judge Simon found that, although things told to the defendants may be relevant, the lender's lending practices were not relevant since materiality is an objective standard, not a subjective standard:

> [T]he circumstances of the *Phillips* defendants and the evidence they sought to introduce are not germane. *Phillips* doesn't directly address how materiality is determined (because it's not an element of § 1014), and it doesn't attribute any significance, in terms of elements of the crime, to the bank's faulty lending practices. In fact, if one believes the allegations in the indictment, [the defendants] are more like the "crook" in the story who encouraged the falsehoods, facilitating loans and encouraging dishonest applications, than like the *Phillips* defendants.
>
> If [the defendant] wants to argue that another middleman or the banks' loan officers with whom he dealt told him something to encourage his false statements, or that he knew or believed something about the banks' loan policies, that renders him blameless for making false statements, under *Phillips* he will be welcome to make that argument. Such evidence would be relevant to whether the defendants acted with an intent to defraud. But the more sweeping request by the defendants for evidence that Bank of America would routinely not rely upon the pertinent information in making loans has no relevance to this case and is therefore not exculpatory.

*Id.* at *6. In this case, as in *Litos*, evidence of information allegedly provided to defendant by codefendant Bisaria is certainly relevant to defendant's intent and should be admitted for that limited purpose. But, the banks' lending practices, any other alleged bad acts committed by bank employees, and other things of which defendant had no knowledge at the time of the charged transactions are simply not relevant to determining whether defendant possessed the requisite intent.

Defendant's contention that evidence of the victim banks' lending practices or other alleged bad acts is admissible to corroborate defendant's description of his discussions with codefendant Bisaria is mistaken. There is nothing about the banks' specific lending practices or other alleged bad acts by bank employees that corroborates what codefendant Bisaria may have told defendant in their dealings. In fact, to the best of the government's knowledge and belief, there is no indication that codefendant Bisaria provided any specific information whatsoever to defendant about particular lending practices or other transactions. Moreover, even if there were, defendant should not be allowed to introduce collateral evidence for the purpose of corroborating that defendant Bisaria actually made any such statements to defendant. Codefendant Bisaria's alleged statements to defendant are *only* admissible by defendant to the extent that they are not offered for the truth of the matter asserted. *Phillips*, 731 F.3d at 643. This limitation on the admissibility of codefendant Bisaria's alleged statements to defendant would be eviscerated if defendant was nevertheless allowed to admit the statements for such a limited purpose and then bootstrap otherwise inadmissible evidence simply to corroborate that the statements were made. Defendant essentially wants to eat his cake and have it too by admitting statements under the guise that they are not being admitted for the truth of the matter asserted and then prove up the the matters asserted in those statements when he otherwise would not be able to do so.

Importantly, the danger of confusion and unfair prejudice are significant if defendant was allowed to admit evidence of alleged negligence and other alleged bad acts. The jury may incorrectly be led to believe that materiality requires actual reliance by the banks in this case. As explained more fully in the government's original motion, materiality does not require proof that the statements at issue did, in fact, influence the decision maker. Instead, the materiality requirement addresses "the nature" of the statements made rather than defendant's actual ability

to influence the decision maker. *See e.g., United States v. Roberts* 534 F.3d 560, 571 (7th Cir. 2008). In other words, the materiality inquiry is an objective inquiry as opposed to a subjective inquiry. *See Neder v. United States*, 527 U.S. 1, 20, 22 n. 5 (1999) ("[A] matter is material if: '(a)' a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or (b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it." quoting Restatement (Second) of Torts § 538 (1976)); *see also Litos* 2014 WL 2216096, at *4 (holding that the defendant impermissibly injected reliance into the definition of materiality and turned the standard from an objective one to a subjective one by referencing "the bank (i.e., Bank of America) as opposed to 'a bank' or 'a reasonable lender'"). Allowing defendant to introduce evidence regarding the banks' lending practices and his claims of "dirty bankers" may cause the jury to lose sight of the actual elements of the offenses at issue. *See United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (affirming conviction because the "[t]he excluded testimony . . . would have improperly shifted the jury's attention away from the knowledge and intent of [the defendant] and focused instead on the beliefs of the victims of the alleged scheme to defraud").[1]

The danger of unfair prejudice is also significant because the introduction of such evidence, as part of defendant's apparent strategy to "dirty up" the bankers and blame the victims, may also invite jury nullification, which is improper as a matter of law. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if

---

[1] It is particularly difficult to understand the relevance of the banks' lending practices when the issuance of the loans to codefendant Bisaria by the victim banks is not even at issue in this case. The allegations in the indictment relate only to the submission of *post-loan* fraudulent draw requests for the hotels in Springdale and Boca Raton. There are no allegations that the loans were fraudulently obtained by codefendant Bisaria and thus the victim banks' lending practices are wholly irrelevant to the issues to be decided by the jury, both as to substance and proximity.

it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.").

Notably, the danger of unfair prejudice is particularly heightened in this case due to the sheer volume of evidence that defendant intends on presenting regarding the banks' lending practices and conduct in other transactions. A review of defendant's witness list reflects that most of his case will be dedicated to introducing evidence related to the banks' lending practices, alleged failures, and other transactions. By the government's estimation, at least 16 of the 25 witnesses on defendant's witness list have little or no involvement in the charged transactions and their testimony would relate to the banks' lending practices, alleged negligence, and alleged other bad acts. For example, defendant apparently intends to call former Mutual Bank customers, including Joanne Urso[2] and Jason Felicone, to testify regarding other entirely unrelated loans that they obtained from Mutual Bank and their own unrelated, uncharged dealings with Mutual Bank employees in connection with those loans. Notably, Ms. Urso's loan was not even a construction loan. Similarly, defendant apparently intends to call a number of former Mutual Bank employees -- including Kevin Sullivan, Mary Hakken-Phillips, and Keven Conner -- who have no connection to the charged transactions to apparently testify regarding the handling of past due accounts, the use of bank funds for personal purposes, and questionable appraisals on unrelated properties. Defendant also apparently intends to call several other witnesses -- including former Mutual Bank compliance officers Sandra Engyel and Barbara L. Groom as well as a distressed asset consultant, Burju Patel -- to testify regarding after-the-fact audits and/or other compliance issues even though none of them appear to have any personal

---

[2] Defendant also apparently intends to call two other witnesses, Jackie Heinen and Robert Scahill, to discuss Urso's dealings with bank employees in connection with those loans.

knowledge regarding the transactions at issue in this case.[3] In such cases, not only are their testimonies entirely irrelevant and prejudicial, but their testimonies are virtually all inadmissible hearsay.

In sum, the Seventh Circuit has held that it is improper to "blame the victim" in fraud cases such as this one where the issue at trial centers upon defendant's actions and intent, not that of the victims of the offense. Judge Simon so concluded in an analogous, comparable case decided only a month ago. It is clear from defendant's response as well as his witness list that defendant intends to frame his defense around what the Federal Rules of Evidence do not permit and what the Seventh Circuit has held he may not do.

## CONCLUSION

For the reasons set forth above, and in the government's motion, the government respectfully requests that the Court grant its motion and bar defendant from introducing evidence or argument of the victims' lending practices and alleged misconduct, negligence, or lack of reasonable reliance.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

By:   /s/ Rick D. Young
    Rick D. Young
    Andrew S. Boutros
    Assistant United States Attorneys
    219 South Dearborn, 5th Floor
    Chicago, IL 60604
    (312) 353-5300

---

[3] Even if this type of evidence were relevant -- which it is not -- this may be an appropriate circumstance for the Court to exercise its authority under Rule 403 to curtail the admission of tangential or cumulative evidence. *See United States v. Tedder*, 403 F.3d 836, 839 (7th Cir. 2005); *United States v. Solina*, 733 F.2d 1208, 1213 (7th Cir. 1984).